**FILED**
**JUN -5 2008**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| William D. Money, #57192-014 § <br> Plaintiff, FCI-Beaumont § <br> POB 2660 § <br> Beaumont, TX 77720 § <br> v § <br> § <br> Atlanta City Detention Center(ACDC); § <br> ACDC Warden Unknown name: Mr. Gibson, § <br> Medical Supervisor; Atlant City De- § <br> tention Center Chaplain Unknown name; § <br> Ms. Booker, Admin. Rem. Coordinator, §. <br> Defendants § | Case: 1:08-cv-00959 <br> Assigned To : Unassigned <br> Assign. Date : 6/5/2008 <br> Description: Pro Se General Civil <br><br> **RELIGIOUS FREEDOM RESTORATION ACT/** <br> **42 USC §1983 COMPLAINT WITH A JURY** <br> **DEMAND** |

## JURISDICTION AND VENUE

1. The jurisdiction and this court is invoked under Religious Freedom Restoration Act (RFRA), 42 USC §2000bb-1,§2000cc-1; 42 USC §1983 and 28 USC §1331. Venue is properly situated in this district pursuant to 28 USC §1391(b) and §1391(e).

## PARTIES

2. Plaintiff William D. Money is a federal inmate incarcerated at Beaumont, FCC-Low, located at Beaumont, Texas.

    Defendant Atlanta City Detention Center (ACDC) is the federal holding facility located in Atlanta, Georgia.

3. Defendant Warden, whose name is unknown to plaintiff was the warden at ACDC during the relevant times complained of.

4. Defendant Atlanta City Detention Center (ACDC) is the federal holding facility located in Atlanta, Georgia.

5. Defendant Gibson is the medical supervisor at ACDC located in Atlanta, Georgia.

6. Defendant Chaplain whose name is currently unknown is the chaplain at ACDC.

7. Defendant Ms. Booker is the Administrative remedy Coordinator at Beaumont FCC-Low

RECEIVED
MAY -- 2008
Clerk, U.S. District and
Bankruptcy Courts

1

located at Beaumont, Texas

8. All the defendants are sued in their individual and official capacities.

## NATURE OF THIS CASE

9. The incidents on which plaintiff's lawsuit is based occurred as a result of malicious, deliberate, intentional, reckless and negligent misconduct by the defendants.

10. While being held at ACDC from July,2005 until September,2007 approximately 112 weeks, plaintiff was placed in ACDC's medical unit because of the necessity of an electrical outlet to power the CPAP machine for plaintiff's sleep apnea condition.

11. During this 112 week stay at ACDC, plaintiff repeatedly, through official request forms and orally to defendant chaplin, requested and was denied worship services. Deft. Chaplin repeatedly told plaintiff he would conduct/Bi-weekly services in medical unit but never did.

12. During this 112 week stay at ACDC, plaintiff requested grievance complaints from the U.S. Marshals but was promised but never given any forms.

13. During 18 months of plaintiff's stay in ACDC medical, plaintiff was exposed to second hand smoke until the ACDC official, stopped the smoking due to exposure of oxygen tanks being present in medical.

14. Subsequently, plaintiff was transferred to Beaumont FCI-Low where on November 20, 2007 plaintiff filed a BP-8 grievance on the ACDC violations.

15. On November 28,2007 plaintiff's unit manager responded to plaintiff's BP-8 finding, in part, that the actions complained of in plaintiff's BP-8 did not occur at Beaumont FCI-Low and could not be addressed.

16. On December 12,2007 plaintiff filed his BP-9 grievance and on December 19, 2007 defendant Booker received said BP-9 assigned Administrative Remedy No. 476071-F1 to plaintiff's BP-9.

2

17. On December 28, 2007 defendant Booker blacked out Admin. Remedy #476971-F1 on plaintiff's BP-9 and assigned it a new admin. remedy #477384-F1 and dismissed the BP-9 because it was deemed untimely filed and did not occur at Beaumont.

18. The actions of the U.S. Marshals denying plaintiff's requests for grievance forms and defendant Booker's actions of falsifying plaintiff's BP-9 receipt date and admin. remedy number effectively denied plaintiff the ability to pursue his admin. remedies, thus, constituting available remedies deemed exhausted.

### FIRST CAUSE OF ACTION

PARAGRAPH 1-18 are incorporated.

19. Defendants' ACDC, ACDC Warden, Gibson and ACDC Chaplin actions of denying plaintiff access to worship services for approximately 112 weeks substantially burdened plaintiff's right to exercise his right to attend religious services in violation of RFRA, 42 USC §2000bb-1.

### SECOND CAUSE OF ACTION

PARAGRAPH 1-19 are incorporated.

20. Defendants' ACDC, ACDC Warden, Gibson and ACDC Chaplin actions substantially burdened plaintiff's right to attend religious services without a compelling government interest and without using the least restrictive means of furthering that compelling government interest, in violation of RFRA, 42 USC §2000bb-1.

### THIRD CAUSE OF ACTION

PARAGRAPH 1-20 are incorporated.

21. Defendants' ACDC Warden and Gibson, medical supervisor's actions of exposing plaintiff to second hand smoke for approximately 18 months, constitutes cruel and unusual punishment, in violation of 8th Amendment to the U.S. Constitution.

### FOURTH CAUSE OF ACTION

PARAGRAPH 1-21 are incorporated.

22. Defendant ACDC Warden's failure to train, supervise or promulgate policies requiring his subordinates to comply with plaintiff's religious rights, violated

3

plaintiff's First Amendment rights.

### FIFTH CAUSE OF ACTION

PARAGRAPH 1-22 are incorporated.

23. Defendant ACDC Warden's failure to train, supervise, or promulgate policy requiring his subordinates to comply with RFRA violated plaintiffs rights under 1st, 5th Amendment to the U.S. Constitution and 42 USC §2000bb-1.

### SIXTH CAUSE OF ACTION

PARAGRAPH 1-23 are incorporated.

24. Defendant Booker's actions of falsifying plaintiff's BP-9 receipt date violated plaintiff's right to petition the government for redress of grievances under the 1st Amendment.

### SEVENTH CAUSE OF ACTION

PARAGRAPH 1-24 are incorporated.

25. Defendant Booker's actions of falsifying plaintiff's administrative remedy number violated plaintiffs right of access to court, in violation of the First Amendment to the U.S. Constitution.

### EIGHT CAUSE OF ACTION

PARAGRAPH 1-25 are incorporated.

26. All of the acts complained of herein were committed by defendants, and their agents, individually and in concert with a knowing and reckless disregard for plaintiff's statutory and constitutional rights and without a reasonable belief that such acts were legal.

### RELIEF

WHEREFORE, plaintiff demands:

a.) A judgment that the defendants are liable for each violation of RFRA, in the amount of $2,000,000.

b.) A judgment that the defendants are liable for each violation of constitution, in the amount of $2,000,000.

4

    **c.)** A declaratory judgment ordering defendants to promulgate policies requiring subordinates to comply with mandates of RFRA and constitution.

    **d.)** Reasonable Attorney Fee's.

    **e.)** Jury trial on all issues triable by jury.

    **f.)** Such other and further relief as this court deems just and proper.

Dated: February 23, 2008.

**Respectfully Submitted,**

/ *William Douglas Money*
William D. Money
Reg. #57192-019
P.O. Box 26020/FCC-Beaumont Low
Beaumont, Texas 77720-6020